Willie D. Scales Jr., Plaintiff
522 Prospect Street
York, Pennsylvania 17403-2407
(717) 889-5173
(717) 402-1414
Email: williescales@aol.com

FILED
HARRISBURG, PA

JUL 3 0 2018

PER _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

### (Civil Division)

| | |
|---|---|
| **WILLIE D. SCALES JR.,** | **COMPLAINT FOR UNFAIR** |
| Plaintiff | **CREDIT COLLECTION** |
| V. | **PRACTICES** |
| **MIDLAND FUNDING, LLC** and | |
| **Daniel J. Santucci, Esquire,** | Case No. 1:R-CV-1514 |
| Defendants | (Civil Action – Law) |
| | Jury Trial Demanded |

## COMPLAINT FOR UNFAIR CREDIT COLLECTION PRACTICES

## AND OTHER RELIEF

### (28 U.S.C. § 1332; Diversity of Citizenship)

Plaintiff, Willie Delbert Scales Jr. ("Scales") brings this action against Midland Funding, LLC ("Midland") and Daniel J. Santucci, Esq. ("Santucci") (Defendants') and alleges the following:

1

# I. <u>INTRODUCTION</u>

**1.** Scales brings this action under the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 et seq., and its implementing regulation, and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 et seq.; Pennsylvania's Unfair or deceptive acts or practices act (PUDAP) 73 P.S. § 2270.4(a);

**2.** A debt collector's violation of any provision of the FDCPA constitutes a violation of the FCEUA which in turn constitutes a violation of Pennsylvania's consumer protection law, the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). 73 P.S. § 201-9.2   The FCEUA allows a consumer to sue the original creditor as well as the debt collector for any violations of the FCEUA. The FCEUA protections mirror the FDCPA's protections.

**3.** Midland Funding LLC is one of the nation's biggest buyers of unpaid debt. Midland Funding LLC purchases accounts with an unpaid balance where consumers have gone at least 180 days without making a payment, or paid less than the minimum monthly payment.

# II. <u>JURISDICTION AND VENUE</u>

**4.** This Court has subject-matter jurisdiction over this action because it is "brought under 15 USC § 1692.  An action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."

**5.** This Court has subject-matter jurisdiction over this action because it is "brought under Pennsylvania's Unfair or deceptive acts or practices act (PUDAP) 73 P.S. § 2270.4; and based on unlawful acts and practices in connection with Defendants' civil action against plaintiff in the state court.

6.    Venue is proper in this district because Defendants are located, reside, and/or do business in this district, and/or a substantial part of the events or omissions giving rise to the claims occurred in this district. 28 U.S.C. § 1391(b), (c).  Under 73 P.S. § 2270.4(a), plaintiff raises a claim under the Pennsylvania Fair Credit Extension Uniformity Act and the Pennsylvania Unfair Trade Practices.

7.   Plaintiff is a citizen of the State of Pennsylvania and defendant is a limited liability company having a principle place of business in Pennsylvania.  The matter in controversy exceeds, exclusive of interests and costs, the sum of $75,000.

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### III. <u>THE PARTIES TO THIS COMPLAINT</u>

**PLAINTIFF:**

10.     Plaintiff, Willie D. Scales Jr. ("Scales") is a citizen of the United States and resides in the County of York, State of Pennsylvania, which is in this judicial district.

**DEFENDANTS:**

11.     Defendant Midland Funding, LLC ("Midland") is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).  This defendant operates from the address at:  MIDLAND FUNDING, LLC, 1 International Plaza, 5th Floor, Philadelphia, PA, 19113.

12.     At all times material to this complaint, Midland Funding, LLC is engaged in the business of collecting or attempting to collect debts as one of its principal areas of business.  At all times material to this complaint, Midland Funding, LLC has been located and transacted business in this district.

3

13.     Daniel J. Santucci, Esquire *No. 92800* ("Santucci") is a Legal Officer of Midland Funding, LLC, and is the individual directly responsible for evaluating the legal validity of any civil actions filed therein, and specifically prosecuted the state court civil action against the plaintiff.  This defendant operates from the address at: MIDLAND FUNDING, LLC, 1 International Plaza, 5th Floor, Philadelphia, PA, 19113.

## IV. FACTUAL ALLEGATIONS

14.     On March 15, 2018, Defendants Midland Funding, LLC and Daniel Santucci, Esquire filed a civil complaint against the Plaintiff Willie D. Scales Jr. alleging their claim for $2600.80.  A copy of that civil complaint (**MJ-19101-CV-0000021-2018**) is attached hereto as **Exhibit "A"**

15.     On March 23, 2018, plaintiff filed a RESPONSE TO DEFENDANTS' INTENTION TO DEFEND COMPLAINT, NEW MATTER AND COUNTERCLAIMS in the Magisterial District Court (MDJ-19-1-01) located at 1285 East Princess Street, York, PA 17403.  A copy of notice of intent and rescheduling of the hearing  (MJ-19101-CV-0000021-2018) is attached hereto as **Exhibit "B"**

16.     The Defendants failed to file a response to plaintiffs Intention to defend the complaint as required by Pennsylvania rules of procedure.

17.     A civil trial proceeding was held before the Honorable Linda L. Williams on April 23, 2018.

18.     Within his responsive pleading, plaintiff requested an accounting and/or verification of the debt pursuant to 15 U.S.C. §1692g; however, the defendants failed to provide an accounting of the debt as requested or any form of assignment documentation either before or after filing the civil action. See 15 U.S.C. §1692(d)

4

(**Legal pleadings**. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a))

**19.**     Following the civil proceeding, the Honorable Linda L. Williams, D.J. dismissed the defendants complaint and rendered judgment for the plaintiff (defendant therein) on April 23, 2018.  A copy of that civil judgment  (**MJ-19101-CV-0000021-2018**) is attached hereto as **Exhibit "C"**

**20.**     Plaintiff seeks damages for defendants' unlawful practices for filing a baseless suit and failing to provide an accounting to resolve the rights and responsibilities under the facts as stated in their Complaint under **No.  MJ-19101-CV-0000021-2018**.

**21.**     Plaintiff is informed and believes and therefore alleges that:

**a.**     Defendant did not have a contract with the plaintiff or any authorized assignee to file the complaint under **No. MJ-19101-CV-0000021-2018**.

**b.**     That collection of any alleged debt after having been written off or charged off would have amounted to a case of unjust enrichment, and/or fraud on the consumer and/or fraud on the court.

**c.**     That any alleged credit card issued allegedly to plaintiff remains the property of the original card issuer, which was unknown to defendants at the time of the filing of their complaint, and as proven at trial.

**d.**     That ANY/ALL documents filed by MIDLAND FUNDING, LLC and Daniel J. Santucci, Esq. on the records in this instant case are inadmissible, that these records cannot pass the hearsay exception test, therefore, are not business records.

5

e.  That MIDLAND FUNDING, LLC was not the real party in interest in that proceeding and had no remaining equity in the original Application or Agreement due to insurance settlements or charge-offs.

f.  That it is the practice of ORIGINAL CREDITOR (Synchrony Bank) to charge-off and sell evidence of indebtedness (after collecting insurance), thus the worthless commercial paper illustrating the duty between the assignor and assignee becomes legally uncollectible.

g.  That defendants arbitrarily selected plaintiff to be responsible for this alleged debt despite not having a legal right to do so.

h.  That defendants have violated plaintiffs' Fair Debt Credit Protection Act (FDCPA) rights with respect to this alleged debt.

i.  That Synchrony Bank did not have a contract with plaintiff concerning any alleged debt.

22.   That plaintiff has always objected to any amount due and is unaware of any demands that the alleged debt was to be paid in full.

23.   That Plaintiff (Willie D. Scales Jr.) specifically denied the unverified Breach of Contract, and Common Count claims, and plaintiff denied that the amount claimed by Midland Funding, LLC is fixed and agreed to by plaintiff, and their claim is devoid of strict proof as shown in the lower court, and by their failure to provide an accounting as requested under complaint No.  **MJ-19101-CV-0000021-2018**.

24.   The Plaintiff is informed and believes and therefore alleges that the purported contract or agreement falls within a class of contracts or agreements required to be in writing.

1

2

3

    **25.**    The purported contract or agreement alleged in the complaint was not in writing and signed by plaintiff or by some other person authorized by plaintiff and who was to answer for the debt, default, or miscarriage of another person.

4

5

6

7

    **26.**    The plaintiff is informed and believes and therefore alleges that there is no evidence that this purported assignment was bona fide. There is no evidence of valuable consideration and no evidence that the purported assignor was even aware of the action or had conveyed all rights and control to Midland Funding, LLC.

8

9

10

    **27.**    That the first time Plaintiff (Willie D. Scales Jr.) ever heard of the claims by Defendant Midland Funding, LLC and Daniel J. Santucci, Esq. was when he was served with the described complaint under **No. MJ-19101-CV-0000021-2018.**

11

12

13

14

    **28.**    To the best of plaintiffs' knowledge and belief, Defendants have used the mails of the United States to attempt to collect on an alleged debt purportedly previously owed to an "original creditor," other than Midland Funding, LLC, which has purportedly been "charged off."

15

16

17

    **29.**    Defendants have violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692e, because it made and/or employed false, deceptive and misleading representations and/or means in connection with the previous cause of action.

18

19

20

21

    **30.**    Said false, deceptive and misleading representations were and have been made and are being made to and others as more specifically set out hereafter. Some or all of said false, deceptive and misleading representations were knowingly and intentionally made by Midland Funding, LLC and Daniel J. Santucci, Esq. [1]

22

23

---

24

25

[1] 15 U. S. C. §§ 1692-1692*o* (1988 ed. and Supp. V), applies to a lawyer who "regularly," *through litigation,* tries to collect consumer debts. **Heintz v. Jenkins, 514 U.S. 291, 299 (1995)**

**31.**     Defendants have violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692d because they have engaged in conduct the natural consequence of which is to harass, oppress, or abuse in connection with the civil Complaint under **No.  MJ-19101-CV-0000021-2018**, and as a result of the filing of said Complaint, and in other actions as more specifically set out hereafter.

**32.**     Midland Funding, LLC and Daniel J. Santucci, Esq. knowingly and intentionally engaged in harassing, oppressive, and/or abusive conduct toward the plaintiff, and they knew or should have known that the natural consequences of said conduct would be to harass, oppress, or abuse.

**33.**     Midland Funding, LLC represented that it had the legal right to collect the sums sought in the amount of **$2,600.80** and court costs.

**34.**     Midland Funding, LLC did not, in fact, have the legal right to collect the sums claimed from plaintiff, or any other amount, and knew or should have known same when it filed the lawsuit under **No.  MJ-19101-CV-0000021-2018**.

**35.**     Upon information and belief, Midland Funding, LLC did not have the legal right to collect this sum because no sum was owed to Midland Funding, LLC, and/or any party under whom Midland Funding, LLC was claiming to hold an assignment, and further, no valid assignment to Midland Funding, LLC was presented at trial.

**36.**     Although Midland Funding, LLC's Complaint did not expressly allege same, on knowledge and belief, plaintiff believes Midland Funding, LLC was claiming to hold the alleged debt sued on by assignment from another entity, by falsely representing that there exists a proper and legally valid assignment between Midland Funding and Synchrony Bank.

**37.**     Midland, LLC, Santucci and the original creditor of the account, if Midland Funding, LLC was so representing did not have a right of recovery thereon, and by

filing a lawsuit violated the FDCPA, and is liable to for statutory and actual damages thereon, attorneys' fees, and costs.  Said violations include, but are not limited to violations of 15 U.S.C. §1692e, et seq. and 15 U.S.C. §1692d, et seq.

**38.**     Midland Funding, LLC made knowing and intentional misrepresentations or misleading and/or false representations as to the legal status, character, and/or amount of the debt in violation of 15 U.S.C. §1692e(2), and in violation of U.S.C.15 §1692e(10).

**39.**     To the best of plaintiffs' knowledge and belief, at the time of filing the lawsuit under **No. MJ-19101-CV-0000021-2018**, Midland Funding, LLC did not have in its possession, and was unable to acquire or produce, the entire "Purchase Agreement" (or other similar name) pursuant to which it claimed to have purchased the said purported "account" on which it was suing therein.

**40.**     Midland Funding, LLC was unable to produce, and will only be able to produce, a "Bill of Sale," "Bill of Sale and Assignment," or other document having a similar name, which will make no specific reference to any "account" allegedly owed by plaintiff, and will on its face be an incomplete document, explicitly and specifically making reference to another "master agreement", consisting of the above "Purchase Agreement" or other document having a similar name, to which the said "Bill of Sale" is made subject to, and the terms of which control and govern the said "Bill of Sale."

**41.**     The production of an authenticated "master agreement" or "Purchase Agreement" as described above is necessary, inter alia, for Midland Funding, LLC to have made out a case in the lower court.  At the time of filing their lawsuit, Midland Funding, LLC was aware, or should have been aware of the above.

**42.**     Thus, for this reason also, Midland Funding, LLC and Daniel J. Santucci, Esq. knowingly and intentionally filed the lawsuit at **No. MJ-19101-CV-0000021-2018**

under circumstances in which they knew or should have known that they would be unable to make out any claim therein. The above constitute violations by Midland, LLC of 15 U.S.C. §1692d, 15 U.S.C. §1692e, and 15 U.S.C.15 §1692f.

**43.**     By filing suit under **No. MJ-19101-CV-0000021-2018**, Midland Funding, LLC made the false, knowing, and intentional representation to all other persons having or acquiring knowledge of the claims of Midland Funding, LLC against plaintiff, and including credit reporting bureaus, and persons or entities plaintiff might seek to obtain credit from, present or future potential employers of Plaintiff, Willie D. Scales Jr., and other persons and entities that it had the legal right to pursue this account in Court.

**44.**     By filing the said action with the Pennsylvania Magisterial Court under **No. MJ-19101-CV-0000021-2018**, Midland Funding, LLC and Daniel J. Santucci, Esq. made false, knowing and intentionally deceptive and/or misleading representations to the court, the general public, creditors of Plaintiff, Willie D. Scales Jr., persons or entities he might seek to obtain credit from, present or future potential employers of Plaintiff, Willie D. Scales Jr., and others with respect to said account, all of which constitute violations of the Fair Debt Collections Practices Act and the Fair Business Practices Act.

**45.**     Some or all of Plaintiffs' claim is based on the following facts:

**46.**     (a) The alleged "debt" or "account" on which Midland Funding, LLC was basing its claim of right to sue was acquired by Midland Funding, LLC, or some predecessor party, at auction, or by some other method of acquisition, from a bank or other financial institution, in blocks of said "accounts" as large as 1,000, 2,000, 5,000, 10,000, 15,000, 20,000, and/or 25,000 or more in a single transaction.

**47.**     (b) In said auction, Midland Funding, LLC, or some predecessor party, bid on the block of "accounts" in which the "account" allegedly owed by was included, or

acquired said account along with a large quantity of other accounts by some other means.

**48.**      (c) At the said auction, or by some other method of acquisition, when either Midland Funding, LLC or some predecessor party acquired the block or group of "accounts" which included the "account" allegedly owed by Plaintiff, Willie D. Scales Jr., no actual hard copies, or indeed any records in any form whatsoever of any of the following were acquired, or transferred from the bank or other financial institution to Midland Funding, LLC or the predecessor party with respect to the following:

**49.**      (1) any credit card or other agreement, or contract with respect to the specific alleged "account" of  Willie D. Scales Jr.'s individually; (2) monthly statements of account, records of charges, payments, interest, fees, or similar records or documents necessary to verify and prove that the said "account" is in fact owed by Plaintiff, and; (3) the correct total amount actually owed, if any, by plaintiff; and (4) any accounting or financial records, including the above records, necessary to prove the breakdown of the purported "total" amount alleged to be owed, with respect to its components, such as principal, interest, late fees, over limit fees, etc.

**50.**      Some or all of Plaintiffs' claims are further based on the following facts:

**51.**      (a) At the said auction, or by some other method of acquisition, the information transferred between buyers and sellers of accounts (purportedly including the account allegedly owed by Plaintiff and sued on therein) consisted solely of a "line entry" in digital or electronic format containing, at most, only a name, address, social security number, account number, telephone number, and a "total" dollar amount, without breakdown, and possibly some other very minimal information such as the alleged "charge-off" date.

**52.** (b) Said "total" dollar amount was not broken down into principal, interest, fees, late charges, or in any other manner. To the best of Plaintiffs' knowledge and belief this was the method by which the data regarding Plaintiffs' alleged debt was transferred from a third party to Midland Funding, LLC or some predecessor party to Midland Funding, LLC.

**53.** (c) At the time of filing the instant lawsuit, Midland Funding, LLC did not have in its possession records or documents sufficient to prove the necessary elements of its purported claim against Plaintiff, and did not acquire said records or documents, even after the filing and service of the complaint under **No. MJ-19101-CV-0000021-2018**, nor by motion of plaintiff at the state civil trial or when requested by the court.

**54.** At the time of filing the state court lawsuit under **No. MJ-19101-CV-0000021-2018**, Midland Funding, LLC and Daniel J. Santucci, Esq. was aware or should have been aware that they did not have in their possession records or documents sufficient to prove the necessary elements of their purported claim against Plaintiff, and further that they would not be able to acquire same.

**55.** (d) Further, Midland Funding, LLC and Daniel J. Satucci, Esq. made no effort to verify or substantiate either: (1) the documentation necessary to prove that Plaintiff in fact owed a debt of some amount which they acquired; and (2) the correct amount (if any) which they claimed was owed by Plaintiff.

**56.** (e) After acquiring the block of accounts, Midland Funding, LLC or some predecessor party processed the block of accounts through a computer software algorithm "scrubbing" program, designed to select specific "accounts" to file suit on, or otherwise attempt to collect.

**57.** (f) Said scrubbing program was optimized to rank said accounts according to two primary criteria, in the following order of importance:

**58.** (1) Those "account debtors" LEAST LIKELY to obtain legal representation to defend a lawsuit, or otherwise resist collection efforts, without reference to the validity or accuracy of said debt. As example, said software programs normally rank individuals of the female gender; persons believed to have low income levels; and/or lower than normal education levels as being less likely to obtain legal representation or otherwise resist collection.

**59.** (2) Those "account debtors" from whom collection might be more easily made, i.e., having employment from which wages could be garnished, or those having bank accounts, or owning vehicles or other property which could be seized, without reference to the validity or accuracy of said debt.

**60.** (g) The above described computer software "scrubbing program" contains no software criteria, software routines, or subprograms to determine the validity of said "debt", and no software criteria, software routines, or subprograms to determine the accuracy or validity of the amounts claimed to be owed.

**61.** (h) Said software program and "scrubbing" procedure was used to determine which account debtors would be sued.

**62.** The Plaintiff is informed and believes and therefore alleges that the false claims of debt owed as indicated in the Defendant's Midland Funding, LLC's complaint under **No. MJ-19101-CV-0000021-2018** and their failure to demand said sums or to validate said debt prior to initiating their lawsuit illustrates their liability herein. [2]

---

[2] On March 13, 2017, Defendant Midland Funding, LLC filed a separate complaint concerning an alleged debt against the Plaintiff (**No. MJ-19101-CV-0000032-2017**). When the Plaintiff requested proof and an accounting required by law, defendants withdrew that complaint. A copy of that Complaint and withdrawal Notice is attached hereto **as Exhibit "D"**

# V. <u>FIRST CAUSE OF ACTION</u>

## <u>FAILURE TO PROVIDE AN ACCOUNTING  IN STATE COURT</u>

### <u>Count I</u>

**Acts or Practices in Failing to Comply with Notice
and Valuation Procedures
(Against Midland Funding, LLC and Daniel J. Santucci, Esq.)**

**63.**　Plaintiff repeats and realleges and incorporates by reference the allegations of paragraphs 14-62.

**64.**　MIDLAND FUNDING LLC and Daniel J. Santucci, Esq. have purportedly held themselves out to be Plaintiffs' assigned creditors.  As a result of this purported relationship with Plaintiff, said Defendants had a duty to Plaintiff to properly account for monies owed or payments made by Plaintiff.

**65.**　The amount of money paid or claimed owed to Defendants was unknown to Plaintiff and could not have been determined without an accounting, which the Defendant's failed or refused to provide in the lower court proceedings under **No. MJ-19101-CV-0000021-2018**.

**66.**　Before the state court civil action, Defendants were required to provide an opportunity for the plaintiff to obtain an accounting and/or verification of the alleged debt before resorting to a lawsuit.

**67.**　Midland failed to present the state court with any form of notification documents to uphold their duty to give plaintiff an opportunity to dispute the validity of the alleged debt before suing under **No. MJ-19101-CV-0000021-2018**.

**68.**　Had Midland and Santucci exercised reasonable care and diligence, they would not have filed the state court action without providing any form of notice to the plaintiff.   Midland's serendipitous refusal to afford Plaintiff Scales timely notice and

14

opportunity required under 15 U.S.C. §1692d was the proximate result of the negligence of the company, and the primary cause of the plaintiffs' injury.

**69.**     As a result of the foregoing violations, Defendants are liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than **$1,000** for this claim, pursuant to 15 USC 1692(k)(a)(2)(A).

**70.**     Midland did not follow generally accepted "debt collection" practices in its handling of plaintiffs' alleged debt under the assignment and thereby failed to exercise reasonable care and competence as is required of members of the debt collection profession.  By refusing to adhere to the clear mandates of 15 U.S.C. §1692d, Midland and Santucci's actions amounted to negligence.

## VI. SECOND CAUSE OF ACTION

## FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### Count II

**Acts or Practices in failing to communicate that plaintiffs' debt was disputed, and the "re-aging" of said debt**
**(Against Midland Funding, LLC and Daniel J. Santucci, Esq.)**

**71.**     Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 14-62.

**72.**     Defendants conduct was negligent or willful or both, rendering them liable for attempting to collect fees, interest, and expenses from plaintiff that were not authorized permitted by law, in violation of 1692f (1).

**73.**     Midland's policy, practice, or custom of failing to communicate that consumers alleged debt is being disputed with the credit bureaus allowed them to "re-

age" the alleged debt of plaintiff and other consumers, and allows them to threaten debtors unlawfully and adversely affect their credit scores.

**74.**     Defendants conduct was negligent or willful or both, rendering it liable for failing to cease collection of an alleged debt, and for illegally extending the "statute of limitations" to facilitate the initiation of baseless lawsuits, in violation of 1692g.

**75.**     As a result of the foregoing violations, Defendants are liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than **$1,000** for this claim, pursuant to 15 USC 1692(k)

**76.**     Upon information and belief, Midland Funding, LLC and Daniel J. Santucci, Esq. communicated credit information to persons, including but not limited to credit reporting bureaus or agencies, with respect to Plaintiff, which they knew or should have known to be false – including without limitation allegations that Plaintiff owed the purported debt which was the subject of the action, and/or that Plaintiff owed said debt to Midland Funding, LLC and/or that Midland Funding, LLC was the original creditor of said alleged debt.

**77.**     Upon information and belief, Midland Funding, LLC has, in violation of 15 U.S.C. §1692e(8) failed to communicate to Plaintiff, other persons and entities, including credit bureaus, and persons yet to be determined, that Plaintiff disputed the alleged debt.

**78.**     Midland Funding, LLC has made material, false and misleading representations, and has further communicated to Plaintiff and other people's credit information which is known or which should be known to be false.

**79.**     Including the above, the failure to communicate that a disputed debt is disputed, the "re-aging" of said debt, the false and misleading representation and impression that Midland Funding, LLC is the original creditor of said debt, and other

material false and misleading representations, and has violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(8), §1692e(2)(A), § 1692e(5), § 1692e(10), § 1692f. and 1692k(a)(3) Midland Funding, LLC either knew or should have known all of the above.

80.	The Fair Debt Collection Practices Act, §1692k, provides for actual damages, statutory damages up to one-thousand dollars (**$1,000.00**) per violation, costs of the action, and reasonable attorneys' fees.  Plaintiff has suffered actual damages as the proximate and actual cause and result of the violations of the FDCPA by Midland Funding, LLC to be determined at trial.

81.	Midland Funding, LLC is liable to Plaintiff for statutory damages as prescribed by § 1692k(a)(2)(A), actual damages pursuant to § 1692k(a)(1) in an amount to be determined at time of trial, and reasonable attorneys' fees and costs pursuant to § 1692k(a)(3).

## Count III

### Acts or Practices in continuing to pursue collection of Disputed and Unverified debt
### (Against Midland Funding, LLC and Daniel J. Santucci, Esq.)

82.	Defendants' actions in refusing to employ any form of verification procedures in their purchase of and execution of debt collection caused them pursue a wholly unsubstantiated civil action against the plaintiff.

83.	The plaintiff was not given any form of notice or a chance to seek valuation before being sued by Midland and Santucci, which conduct was negligent or willful or both, and not authorized or permitted by law, in violation of 1692 f(1).

84.	Midland Funding, LLC has violated 15 U.S.C. §1692d by pursuing the baseless suit to trial despite knowledge that it could not present proof of compliance with any of the requirements of federal law.

17

**85.** By pursuing the account sued on without providing any form of verification of the validity of the debt or identity of plaintiff as the debtor, and other matters which Midland Funding, LLC knew or should have known would mislead; Midland Funding, LLC has violated 15 U.S.C. §1692e(2)(A), 1692e(8), 1692e(10) and 1692k(a)(3).

**86.** The Fair Debt Collection Practices Act, §1692k, provides for actual damages, statutory damages up to one-thousand dollars (**$1,000.00**) per violation, costs of the action, and reasonable attorneys' fees. Plaintiff has suffered actual damages as the proximate and actual cause and result of the violations of the FDCPA by Midland Funding, LLC and Daniel J. Santucci, Esq. to be determined at trial.

**87.** Midland Funding, LLC is liable to Plaintiff for statutory damages as prescribed by § 1692k(a)(2)(A), actual damages pursuant to § 1692k(a)(1) in an amount to be determined at time of trial, and reasonable attorneys' fees and costs pursuant to § 1692k(a)(3).

**88.** As a result of the foregoing violations, Defendants are liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than **$1,000** for this claim, pursuant to 15 USC 1692(k).

### VII. <u>THIRD CAUSE OF ACTION</u>
### VIOLATIONS OF THE PENNSYLVANIA FAIR DEBT
### COLLECTION PRACTICES ACT
### <u>Count IV</u>

**Acts or Practices in failing to communicate that plaintiffs' debt was disputed and the "re-aging" of said debt**
**(Against Midland Funding, LLC and Daniel J. Santucci, Esq.)**

18

**89.**     Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 14-62.

**90.**     Defendants conduct was negligent or willful or both, rendering it liable for attempting to collect fees, interest, and expenses from plaintiff that are not authorized permitted by law, in violation of 1692 f (1). [3]

**91.**     Midland's policy, practice, or custom of failing to communicate that alleged debts are disputed with the credit bureaus allows them to "re-age" assigned debt of plaintiff and other consumers, which allows them to adversely affect the credit scores of any serial assignment they purchase regardless of age.

**92.**     Defendants conduct was negligent or willful or both, rendering them liable for failing to cease collection of an alleged debt, and illegally extending the "statute of limitations" to facilitate the initiation of a baseless lawsuit, in violation of 1692g.

**93.**     As a result of the foregoing violations, Defendants are liable for treble damages in an amount to be proven at trial, but not less than **$3,000** for this claim, pursuant to 73 P.S. § 201-9.2.

**94.**     Based on the allegations above and further set forth herein, Midland Funding, LLC has violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff by, without limitation; Continuing to pursue collection of disputed and unverified debt; and filing suit on an invalid debt, forcing Plaintiff to defend against an invalid action, and further, and in addition thereto, knew or should have known that they engaged in such conduct, and the said consequences thereof.

---

[3] 73 Pa.C.S.A. § 2270.4(a) ("**(a) By debt collectors.**--It shall constitute an unfair or deceptive debt collection act or practice under this act if a debt collector violates any of the provisions of the Fair Debt Collection Practices Act (Public Law 95-109, 15 U.S.C. § 1692 et seq.)".)

19

**95.**     By reporting the account sued on to credit bureaus with misleading information regarding the nature and/or status of said alleged debt with respect to such matters as the identity of the original creditor, the relevant dates and ages of said alleged debt, and other matters which Midland Funding, LLC knew or should have known would mislead; Midland Funding, LLC has violated 15 U.S.C. §1692e(2)(A), 1692e(8), 1692e(10) and 1692k(a)(3).

**96.**     The Pennsylvania Fair Debt Collection Practices Act, 73 P.S. § 201-9.2, provides for actual damages, statutory damages up to one-thousand dollars (**$1,000.00**) per violation, costs of the action, and reasonable attorneys' fees.  Plaintiff has suffered actual damages as the proximate and actual cause and result of the violations of the FDCPA by Midland Funding, LLC to be determined at trial.

## Count V

### Acts or Practices in continuing to pursue collection of Disputed and Unverified debt
### (Against Midland Funding, LLC and Daniel J. Santucci, Esq.)

**97.**     Defendants conduct was negligent or willful or both, rendering them liable for attempting to collect fees, interest, and expenses from plaintiff that are not authorized permitted by law, in violation of 1692 f(1).

**98.**     Including the above, the false and misleading representation and impression that Midland Funding, LLC and other material false and misleading representations, has violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(8), §1692e(2)(A), § 1692e(5), §1692e(10) and § 1692f. Midland Funding, LLC either knew or should have known all of the above.

**99.**     The Pennsylvania Fair Debt Collection Practices Act, 73 P.S. § 201-9.2, provides for actual damages, statutory damages up to one-thousand dollars (**$1,000.00**) per violation, costs of the action, and reasonable attorneys' fees.  Plaintiff has suffered

actual damages as the proximate and actual cause and result of the violations of the FDCPA by Midland Funding, LLC to be determined at trial.

**100.**     Had Midland Funding, LLC exercised reasonable care and diligence, they would not have filed the state court suit against Plaintiff, or in the alternate, provided an accurate accounting of the alleged debt to the court and Plaintiff during those proceedings as required by 15 U.S.C. §1692g.

**101.**     As an actual and proximate result of the acts and omissions of the Defendants, Plaintiff has suffered, including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

**102.**     Daniel J. Santucci, Esq., did not follow generally accepted legal practices in his handling of suit filed against the plaintiff in accordance with 15 U.S.C. §1692(b)(5) and thereby failed to exercise reasonable care and competence as is required of members of the legal profession by filing the suit under **No. MJ-19101-CV-0000021-2018**.

**103.**     Refusing to present an accounting of the alleged debt either before or after the filing of the complaint under **No. MJ-19101-CV-0000021-2018** constitutes unfair or deceptive acts or practices within meaning of 73 Pa.C.S.A. § 2270.4(4), which statute was drafted to prevent the injury suffered by the plaintiff. By failing to adhere to basic federal statutory debt collection practices, Defendants have violated the Pennsylvania Fair Debt Collection Practices Act 73 Pa.C.S.A. § 2270.4(4).

**104.**     Further, in entering into and performing under the above referenced lawsuit, defendants Midland Funding and Daniel J. Santucci, Esq. were subject to covenants, duties and obligations to not engage in unfair credit practices. 18 Pa. C.S.A. § 7311.

21

## Count VI

**Acts or Practices in continuing reporting unverified debt to credit bureaus
(Against Midland Funding, LLC and Daniel J. Santucci, Esq.)**

**105.** Upon information and belief, Midland Funding, LLC has communicated credit information to persons, including but not limited to credit reporting bureaus or agencies, with respect to Plaintiff, which they knew or should have known to be false – including without limitation allegations that Plaintiff owed the purported debt which was the subject of the action, and/or that Plaintiff owed said debt to Midland Funding, LLC and/or that Midland Funding, LLC was the original creditor of said alleged debt.

**106.** Without using any of the "notification" or "verification" procedures required by 15 U.S.C. §1692d, Defendants knowingly submitted erroneous information to the credit bureaus when they knew it was lacking in support by any record of competent evidence.

**107.** By reporting the account sued on without providing any form of verification of the validity of the debt or identity of plaintiff as the debtor, and other matters which Midland Funding, LLC knew or should have known their actions would mislead; Midland Funding, LLC has violated 15 U.S.C. §1692e(2)(A), 1692e(8), 1692e(10) and 1692k(a)(3).

**108.** The Pennsylvania Fair Debt Collection Practices Act, 73 P.S. § 201-9.2, provides for actual damages, statutory damages up to one-thousand dollars (**$1,000.00**) per violation, costs of the action, and reasonable attorneys' fees. Plaintiff has suffered actual damages as the proximate and actual cause and result of the violations of the FDCPA by Midland Funding, LLC to be determined at trial.

**109.** Midland Funding, LLC and Daniel J. Santucci, Esq. are liable to Plaintiff for statutory damages as prescribed by § 1692k(a)(2)(A), actual damages pursuant to §

22

1692k(a)(1) in an amount to be determined at time of trial, and reasonable attorneys' fees and costs pursuant to § 1692k(a)(3).

110.     As a result of the foregoing violations, Defendants are liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than **$1,000** for this claim, pursuant to 73 P.S. § 201-9.2.  Plaintiff hereby prays for actual damages under the Federal and Pennsylvania Fair Debt Collection Practices Acts and for statutory damages as set forth above for each and every violation of the Fair Debt Collection Practices Act proven at the trial of this case, and reasonable attorneys' fees and costs thereunder.

## VIII. <u>FOURTH CAUSE OF ACTION</u>

**FRAUD IN THE EXECUTION AND PUSUIT OF DEBT COLLECTION**

**<u>Count VII</u>**

**<u>(Fraud)</u>**

**Acts or Practices in failing to communicate that plaintiffs' debt was disputed and the "re-aging" of said debt**
**(Against Midland Funding, LLC and Daniel J. Santucci, Esq.)**

111.     Plaintiff repeats and realleges and incorporates by reference the allegations of paragraphs 14-62.

112.     Midland Funding, LLC and Daniel J. Santucci, Esq. committed fraud by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff by pursuit of disputed and unverified debt; and filing suit forcing Plaintiff to defend against an invalid action, and further, and in addition thereto, knew or should have known that it has engaged in such conduct, and the consequences thereof.

113.     MIDLAND FUNDING LLC and Daniel J. Santucci, Esq. have purportedly held themselves out to be Plaintiffs' assigned creditors.  As a result of this purported

relationship with Plaintiff, said Defendants had a duty to Plaintiff to properly account for monies owed or payments made by Plaintiff.

**114.**    The amount of money paid or claimed owed to Defendants was unknown to Plaintiff and could not have been determined without an accounting, which the Defendant's failed or refused to provide in the lower court proceedings under **No. MJ-19101-CV-0000021-2018**.

**115.**    Midland failed to present the state court with any form of notification documents to uphold their duty to give plaintiff an opportunity to dispute the validity thereof before suing under **No. MJ-19101-CV-0000021-2018**.

**116.**    By continuing to pursue collection of disputed and unverified debt; and filing suit on an invalid debt, forcing Plaintiff to defend against an invalid action, the Defendants fraudulently sought to enrich themselves at the expense of plaintiff.

**117.**    As a proximate result of defendant's fraud and deceit and the facts herein alleged, plaintiff was forced to litigate the baseless suit without the assistance of counsel and suffered severe headaches and chest pain by reason of which plaintiff has been damaged in the sum of $25,000.

**118.**    In doing the acts herein alleged, defendant acted with oppression, fraud, and malice, and plaintiff is entitled to punitive damages in the sum of $25,000.  By refusing to adhere to the clear mandates of both Federal and Pennsylvania law, Midland and Santucci's actions amounted to fraud.

## VIII. <u>PRAYER FOR RELIEF</u>

WHEREFORE PLAINTIFF PRAYS for judgment against defendants and each of them as follows:

i.    For general damages and special damages in an amount to be proven at trial, but not less than **$7,000** pursuant to 15 USC 1692(k) a1.

ii.    Treble damages of **$21,000** pursuant to 73 P.S. § 201-9.2 for their deceptive acts or practices.

iii.    For general damages of **$25,000** for defendants' Negligence;

iv.    For general damages of **$25,000** for defendants' Fraud in execution;

v.    For punitive damages of **$25,000** for defendants' Fraud and Negligence;

vi.    For interest thereon at the legal rate from and after April 23, 2018.

vii.    For reasonable attorneys' fees and costs incurred herein;

viii.    For such other and further relief as the court may deem just and proper.

Dated:  July 27, 2018

Respectfully submitted,

(s): _Willie D. Scales Jr._

Willie D. Scales Jr., Plaintiff
522 Prospect Street
York, Pennsylvania 17403-2407
(717) 889-5173
Email: williescales@aol.com

25

1

2

## IX. CERTIFICATION AND CLOSING

3  Under Federal Rule of Civil Procedure 11, by signing below, I, **Willie D. Scales Jr.,**

4  certify to the best of my knowledge, information, and belief that this complaint: (1) is not

5  being presented for an improper purpose, such as to harass, cause unnecessary delay, or

6  needlessly increase the cost of litigation; (2) is supported by existing law or by a non-

7  frivolous argument for extending, modifying, or reversing existing law; (3) the factual

8  contentions have evidentiary support or, if specifically so identified, will likely have

9  evidentiary support after a reasonable opportunity for further investigation or discovery;

10 and (4) the complaint otherwise complies with the requirements of Rule 11.

11

12                                                      Dated:  July 27, 2018

13

14

15

16

17  (s): _Willie D. Scales Jr._

18      Willie D. Scales Jr., Petitioner
        522 Prospect Street
19      York, Pennsylvania 17403-2407
        (717) 889-5173
20      Email: williescales@aol.com

21

22

23

24

25

26

1

## CERTIFICATE OF SERVICE

2

I, **Willie D. Scales Jr.,** hereby certify that a true and correct copy of the foregoing

3

**COMPLAINT FOR UNFAIR CREDIT COLLECTION PRACTICES** was served on

4

the individuals below addressed as follows:

5

6

Office of the Clerk

7

United States District Court
Middle District of Pennsylvania

8

228 Walnut Street
P.O. Box 983

9

Harrisburg, PA 17101

10

11

12

Dated:  July 27, 2018

13

14

15

16

17

(s):  _Willie D. Scales Jr._

18

Willie D. Scales Jr., Petitioner
522 Prospect Street

19

York, Pennsylvania 17403-2407
(717) 889-5173

20

Email: williescales@aol.com

21

22

23

24

25

27

Mr. Willie D. Scales Jr.
522 E Prospect St.
York, PA 17403-2407

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

7015 3010 0000 2844 9088

RECEIVED
HARRISBURG, PA

JUL 30 2018

PER _____
DEPUTY CLERK

Office of the Clerk
United States Distric
Middle District of Pe
228 Walnut Street
P.O. Box 983
Harrisburg, PA 1710