IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM D. SCALES,** | : | Civil No. 1:18-cv-1514 |
| **Plaintiff,** | : | |
| v. | : | |
| **MIDLAND FUNDING, LLC, AND DANIEL J. SANTUCCI, ESQ.,** | : | |
| **Defendants.** | : | Judge Sylvia H. Rambo |

### M E M O R A N D U M

Before the court is the Report & Recommendation ("R&R") (Doc. 54) submitted by Magistrate Judge Martin C. Carlson concerning the Motions for Summary Judgment filed by Plaintiff William D. Scales (Doc. 46) and Defendants Midland Funding, LLC and Daniel J. Santucci, Esq. (Doc. 52). For the reasons set forth below, the court will adopt the R&R.

**I.   Background**

Magistrate Judge Carlson thoroughly reviewed the background of this case in his R&R (Doc. 54, pp. 1-7), and therefore, the court will only provide an abbreviated overview of the record. This is a Fair Debt Collection Practice Act ("FDCPA") dispute. Plaintiff is an individual consumer appearing *pro se*, while Defendants are a debt-collection company and an attorney representing the company. Plaintiff asserts numerous causes of action that essentially boil down two alleged FDCPA violations by Defendants: (1) sending Plaintiff fraudulent debt collection letters that

1

failed to accurately disclose his rights as a debtor; and (2) litigating a bad-faith debt-collection lawsuit against him in state court. Both parties cross-moved for summary judgment. (Docs. 46, 52.) On October 28th, 2020, Magistrate Judge Carlson submitted an R&R to the court recommending that the court deny Plaintiff's motion while granting and denying in part Defendants' motion. (Doc. 54.) On November 9, 2020, Plaintiff filed his objections to the R&R. (Doc. 57.) Two days later, Defendants filed their objections. (Doc. 59.) Both parties have filed timely responses to each other's objections. (Docs. 61, 62.) This matter is thus ripe for resolution.

## II.     Legal Standard

### A.     Review of a Magistrate Judge's Report & Recommendation

When a party objects to a magistrate judge's report and recommendation, the district court undertakes *de novo* review of the contested portions of the report. *See E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* FED. R. CIV. P. 72(b)(3). In this regard, Local Rule of Court 72.3 requires written objections to "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." LOCAL RULE 72.3. The court must afford at least "reasoned consideration" to uncontested portions of the report before adopting it as the decision

of the court. *City of Long Branch*, 866 F.3d at 100 (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)).

    B.    Summary Judgment

Under Rule 56(a) of the Federal Rules of Civil Procedure, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A factual dispute is "material" if it might affect the outcome of the suit under the applicable substantive law and is "genuine" only if there is a sufficient evidentiary basis for a reasonable factfinder to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When evaluating a motion for summary judgment, a court "must view the facts in the light most favorable to the non-moving party" and draw all reasonable inferences in favor of the same. *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005). The moving party bears the initial burden of demonstrating the absence of a disputed issue of material fact. *See Celotex*, 477 U.S. at 324. "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." *Azur v. Chase Bank, USA, Nat'l Ass'n*, 601 F.3d 212, 216 (3d Cir. 2010).

### III. Discussion

In his objections to the R&R, Plaintiff identifies five points of purported error. (*See* Docs. 57, 58.) Specifically, he contends that Magistrate Judge Carlson erred in recommending that the court enter judgment in Defendants' favor as to the debt collection letters sent to Plaintiff, as well as by finding that Plaintiff was required to file a Certificate of Merit as to any claims of professional negligence. For their part, Defendants object to the R&R insofar as it recommends that summary judgment be denied as to Plaintiff's claim that Defendants violated the FDCPA by filing suit against him to collect a debt.

    A.    The Magistrate Judge Did Not Err in Calculating the Statute of Limitations as to the August Letter or Finding that the Requirements of § 1692g Do Not Apply to the August Letter

Contrary to Plaintiff's argument, while Magistrate Judge Carlson found that the January 2017 claims are time-barred by the one-year statute of limitations that applies to FDCPA claims (Doc. 54, pp. 14-15), he did not make the same finding regarding the August 17, 2017 letter. Instead, he found that Plaintiff's claims as to the August 18, 2017 letter fail on the merits. (*Id.* at p. 16.) In doing so, Magistrate Judge Carlson appropriately reasoned that the the August letter, which merely provided Plaintiff an opportunity to resolve his debt while placing him on notice that the matter would be referred to counsel if it could not be resolved, "was presented in a fashion that cannot be deemed false, misleading, harassing, oppressive, unfair

or unconscionable." (Doc. 54. P. 16.) Further, he aptly noted that the strictures of 15 U.S.C. § 1692g do not apply to the August letter because it was not the initial communication with Plaintiff. Likewise, Plaintiff's right to obtain verification pursuant to § 1692g expired before the August letter was sent, and therefore, by the time he received the letter, there was nothing left to overshadow. (*See* 15 U.S.C § 1692g(a-b) (providing consumer with 30 days from the initial communication to dispute the debt and stating that any collection activities and communication during the 30-day period may not overshadow the consumer's right to dispute the debt). Accordingly, the court will overrule Plaintiff's first four objections.

    B.    The Magistrate Judge Did Not Err in Applying Pennsylvania Rule 1042.3 to Any Professional Negligence Claims

Plaintiff's fifth objection to the R&R pertains to Magistrate Judge Carlson's determination that, to the extent Plaintiff is pursuing any state law professional negligence claims against Defendants, he was required to file a Certificate of Merit pursuant to Pennsylvania Rule of Civil Procedure 1042.3. Under that rule, a party raising a claim for professional negligence must submit a certificate of merit, signed by an expert, in conjunction with their complaint. Plaintiff argues that his claims sound in ordinary negligence, rather than professional negligence, and therefore a certificate of merit is not required. However, in the R&R, Magistrate Judge Carlson does not attempt to specify which claims are barred by Rule 1042.3 but rather generally states that, "to the extent" Plaintiff is pursuing such claims, they are barred.

5

Because the court finds no plain error in the law as described by the R&R and agrees that a certificate of merit would be required for any professional negligence claims, the court will overrule Plaintiff's objection.

    C.    The Magistrate Judge Did Not Err Denying Defendants' Motion for Summary Judgment on Plaintiff's

Defendants' only objection to the R&R is that it inappropriately shifts the burden of proof on Plaintiff's abusive litigation claim to Defendants. The court disagrees. Certainly, if this case goes to trial, Plaintiff will bear the burden of demonstrating that the collection lawsuit violated the FDCPA. However, in moving for summary judgment on this claim, Defendants, as the moving party, bear the initial burden of demonstrating the absence of a disputed issue of material fact. *See Celotex*, 477 U.S. at 324. "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." *Azur*, 601 F.3d at 216. As Magistrate Judge Carlson noted, Defendants' motion argues the law only in the abstract and without pointing to any specific facts or evidence to show that no issue of material fact exists on this claim. (Doc. 54, pp. 20-23.) As such, Judge Carlson recommended that the court take a cautious approach to ruling on the motion by denying it without prejudice and affording all parties the opportunity to renew their summary judgment

motions on this issue based on a more fulsome record. The court agrees to this approach and will adopt Magistrate Judge Carlson's recommendation.

## IV. Conclusion

After a *de novo* review of the contested portions of the R&R and giving reasoned consideration to its uncontested portions, the court finds that it contains no clear error and will adopt it in its entirety.

s/Sylvia H. Rambo<br>
Sylvia H. Rambo<br>
United States District Judge

Dated: March 31, 2021